[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2006
THOMAS K. KAHN
CLERK

No. 05-13964
Non-Argument Calendar

_____

D. C. Docket No. 04-00543-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GORDON ASANTE WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 10, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

In a three-count indictment handed down on December 20, 2004, Gordon Asante

Wilson was charged as follows: in Count One with knowingly causing firearms and ammunition to be delivered to a common carrier for shipment in interstate commerce to a person other than a licensed dealer on August 30, 2004, in violation of 18 U.S.C. §§ 922(e) and 924(a)(1); in Count Two with making false representations on an Alcohol, Tobacco, and Firearms (ATF) Form 4473 on July 10, 2004, by falsely claiming that he was the actual buyer of the firearms covered by the transaction, in violation of 18 U.S.C. § 924(a)(1)(A): and in Count Three by committing the same § 924(a)(1)(A) offense on July 27, 2004.

On February 8, 2005, Wilson pled guilty to Count One. He thereafter waived his right to a jury trial and consented to a bench trial before the district court on Counts Two and Three. At the bench trial, Wilson, a native of Ghana and a naturalized citizen of the United States, stipulated that he purchased ten firearms, pistols, from Adventure Outdoors, a federally-licensed firearms dealer and that he hid the firearms in a Mitsubishi Montero and shipped the Montero to Ghana. The Government also established

– that Adventure Outdoors was required by federal law to keep and maintain ATF Form 4473, the Firearms Transaction Record of firearm purchases;

– that (as alleged in Counts Two and Three) Section A of Form 4473 asks the following question at 12a:

2

Are you the actual buyer of the firearm(s) listed on this form?  **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person.  If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.**

– that Wilson answered "Yes" to the above question;

– that Wilson signed the bottom of the Form underneath the following

certification:

**I certify that the above answers are true and correct. I understand that answering "yes" to question 12a when I am not the actual buyer of the firearm is a crime punishable as a felony. . . .  I also understand that making any false oral or written statement . . . with respect to this transaction, is a crime punishable as a felony.**

– that Wilson planned to travel to Ghana after the Montero arrived there and

to sell the firearms for approximately $1000 each; and

– that Wilson knew at the time he purchased the subject firearms that it was

illegal to possess firearms, including pistols, in Ghana.

Wilson filled out Form 4473, and answered "yes" to Question 12a on the form:

"Are you the actual buyer of the firearms(s) listed on this form?"

At the close of the Government's case-in-chief, Wilson moved the court for

judgment of acquittal on two grounds: (1) the language of the warning on Form

4473 was unconstitutionally vague and thus did not apply to his situation and (2)

3

the court should invoke the rule of lenity. The court denied his motion. Wilson called one witness in his defense, his brother. He testified that Wilson had an import-export license and shipped various items to Ghana, mostly shoes and cars. He had no idea that Wilson was shipping guns to Ghana. At the close of the evidence, the court found Wilson guilty on both counts. On June 16, 2005, it sentenced him to concurrent prison terms of 12 months. Wilson now appeals his convictions on Counts Two and Three.

Wilson challenges his convictions on two grounds. First, he argues that the definition of "actual buyer" on Form 4473 is unconstitutionally vague; it is so unclear that a person of ordinary intelligence would not be given fair notice that what he did was illegal. Second, he argues that the court should have granted his motion for judgment of acquittal. We consider these arguments in turn.

## I.

Wilson says that Form 4473 does not clearly delineate illegal and legal conduct in a scenario like the one here – in which a third party will purchase the guns. Wilson says that Form 4473 does not define the term "actual buyer" and that the examples contained on the form did not apply in his case. Rather than defining the term, he continues, the form offers a series of examples that create two definitions, neither of which applied to his situation.

4

We have never directly addressed the issue of whether Form 4473's definition of "actual buyer" is unconstitutionally vague. In United States v. Ortiz, however, we affirmed the conviction of Ortiz for a violation of 18 U.S.C. § 922(a)(6), holding that an earlier version of Form 4473 "expressly [] put [Ortiz] on notice that he is the 'actual buyer' only if the purchase of firearms is for himself or for a gift." 318 F.3d 1030, 1038 (11th Cir. 2003) (emphasis omitted). Ortiz bought the firearms in Georgia and sold them to two buyers in New York. One of the buyers had asked Ortiz to purchase the firearm for him. The evidence did not disclose, however, whether or not the other purchaser had made the same request. We concluded that regardless of whether Ortiz had identified a purchaser for all of the firearms he bought, he engaged in a sham transaction because "at the time of completing Form 4473 [he] had no intention of keeping the firearms or giving them as a gift. . . ." Id. (emphasis in original). Ortiz therefore misrepresented that he was the actual buyer. Id.

Form 4473 and its definition of "actual buyer" have been altered somewhat since the version at issue in Ortiz. At that time, the form stated, "Any individual who is not buying the firearm for himself . . . for as a gift, but who completes the form, violates the law." Id. at 1038-39. At the time Wilson purchased the firearms, the form read, as noted above, "Are you the actual buyer of the firearm(s)

5

listed on this form?  Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person."  "Actual buyer" is further defined by "Important Notice 1." which reads, "For purposes of this form, you are the actual buyer if you are purchasing the firearm for yourself or otherwise acquiring the firearm for yourself. . . . You are also the actual buyer if you are acquiring the firearm as a legitimate gift for a third party."

Based on the plain language of Form 4473, an "actual buyer" is one who either purchases a firearm for himself or for another as a gift.  No exceptions are noted either under Question 12a or Important Notice 1.  In short, the definition of the term is not so confusing that men of common intelligence must necessarily guess at its meaning.  Moreover, the language of Form 4473 is not so different from the language of the form in Ortiz, which we said "expressly" put Ortiz on notice "as to what constitutes a violation of the law."  Ortiz, 318 F.3d at 1038.  Drawing on Ortiz by analogy, we find Wilson's void for vagueness argument meritless.

## II.

It is without dispute that Wilson purchased the firearms at issue for resale to others in Ghana.  In claiming to be the actual buyer of the guns, he knowingly violated the law.  The evidence of his guilt is overwhelming; hence, the district

6

court did not err in denying his motion for judgment of acquittal.

**AFFIRMED.**